J. A. ROWLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11476.    Promulgated December 11, 1926.

In the absence of competent evidence, the March 1, 1913, value of timberlands, as determined by the Commissioner, affirmed.

*James C. Davis, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income taxes for the calendar years 1922, 1923, and 1924, in the respective amounts of $730.15, $2,729.99, and $1,999.11. Several errors were assigned in the original petition, but on the date of hearing counsel for the petitioner stipulated that only two grounds of error were to be assigned and waived other errors alleged in the original petition. The errors alleged are: (1) That depletion has not been allowed the petitioner for the years in question; (2) that a higher March 1, 1913, value should be allowed for timberland sold in 1924.

FINDINGS OF FACT.

Petitioner is a resident of Eldorado, Ark., and owned a tract of timberland in section 17, in Union County, Arkansas. The major portion of the growth of timber on the tract is hard wood. Owners

of timberland in the same vicinity as that of the petitioner have been allowed a value of $4 per thousand. A cruise of the timber holdings of the petitioner was made in 1912 by Lemner Brothers, of New Orleans, La.

OPINION.

MILLIKEN: In petition filed it is alleged that petitioner sold certain timber in 1924, although no proof was introduced that such timber was sold in the year 1924, and that the Commissioner committed error in determining the March 1, 1913, value thereof for the purpose of computing the gain derived from the sale. We are able to find as a fact that the petitioner did own a tract of timber, located in section 17, in Union County, Arkansas, and that the major portion of the growth of the tract was hard wood. We have no evidence before us warranting a finding that petitioner owned such timber on March 1, 1913, or whether the timber in question was acquired subsequent thereto. One witness testified that he owned timber in the same vicinity as did the petitioner, and was asked the following questions by counsel for the Commissioner:

Q. Are you familiar with the timber tract of Mr. J. A. Rowland located in section 17 in Union County, Arkansas?
A. I have never been over it by forties but I know the timber.
Q. You have knowledge of the growth of timber that is on it?
A. I have knowledge of the quality of the timber and a general knowledge of the quantity, but I never made a forty estimate of it.
    *        *        *        *        *        *        *
Q. What values did they [the Commissioner] allow you on your timber?
A. Four dollars ($4.00) per thousand.

The petitioner alleges that the Commissioner committed error in determining the March 1, 1913, value of his timber, and it is not enough to introduce a witness that has only a general knowledge of the quantity and quality of the timber of the petitioner and who states that the Commissioner allowed him a value of $4 per thousand. We are uninformed whether such last-named value was allowed to the witness for the purpose of computing gain or loss on sale, or depletion, or whether it was a value determined subsequent to March 1, 1913, and furthermore, the value allowed one taxpayer may be no criterion of the value of the property of another taxpayer, where the basis of value, quantities and qualities and dates in question may be entirely different concerning the timber to be valued.

Counsel for the petitioner also sought to introduce a written report of a cruise of his timber made by Lemner Brothers, of New Orleans, La. Counsel for the Commissioner objected to the receipt of the report in evidence, on the ground that the persons making the report had not identified it and were not present for the purpose of cross examination to determine the truth or falsity of the statements that

may have been made therein, or for any interrogation as to the basis upon which the report was made. The objection of counsel for the Commissioner was sustained. By reason of the lack of competent evidence we must affirm the action of the Commissioner as concerns the March 1, 1913, value of the timber of the petitioner.

At the hearing of this case counsel for the respective parties stipulated that the petitioner was entitled to an allowance for depletion of $1,037.37 for the calendar year 1922, $5,733.69 for the calendar year 1923, and $5,202.00 for the calendar year 1924, and such allowance should be taken into consideration in redetermining the deficiencies for the years in controversy.

> *Judgment will be entered on 15 days' notice, under Rule 50.*